UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Index No.:

----------------------------------------------------------------X

CHRISTIAN GUZMAN and RAMEE AYESH,

**COMPLAINT**

Plaintiffs,

-against-

BOB CIASULLI AUTO GROUP, INC., individually and
d/b/a TRI-COUNTY LEXUS, and RENE CRUZ,
individually,

Plaintiffs Demand a
Trial By Jury

Defendants.

----------------------------------------------------------------X

Plaintiffs, by and through their attorneys, Arcé Law Group, P.C., hereby complain of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiffs complain pursuant to 42 U.S.C. Section 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations pursuant to the New Jersey Law Against Discrimination ("NJLAD"), seeking damages to redress the injuries Plaintiffs have suffered as a result of being harassed and discriminated against by their employer on the basis of their sex/gender, actual and/or perceived sexual orientation, national origin, together with sexual harassment, creating a hostile working environment, retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. Section 1981 and 42 U.S.C. §2000e et. Seq.; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. The Court also has jurisdiction pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the State of New Jersey. 28 U.S.C. §1391 (b).

6. On or about November 21, 2013, Plaintiffs filed charges with the Equal Employment Opportunities Commission (herein also referred to as "EEOC").

7. On or about May 22, 2014, Plaintiffs received Notice of Right to Sue letters from the EEOC.

8. This action is being brought within 90 days of said Notice of Right to Sue letters.

## PARTIES

9. Plaintiff Christian Guzman (herein also referred to as "Guzman") is a heterosexual male resident of the State of New York, County of Kings.

10. Plaintiff Ramee Ayesh (herein also referred to as "Ayesh") is a heterosexual male resident of the State of New York, County of Kings.

11. Plaintiff Ayesh is of Arabic and Middle Eastern descent.

12. At all times material, Defendant BOB CIASULLI AUTO GROUP, INC., individually and d/b/a TRI-COUNTY LEXUS (herein also referred to as "TRI-COUNTY LEXUS") was and is a domestic profit corporation duly incorporated under the laws of the State of New Jersey.

13. At all times material, Defendant TRI-COUNTY LEXUS was and is a domestic profit corporation authorized to conduct business in the State of New Jersey.

14. At all times material, Defendant TRI-COUNTY LEXUS was and is a domestic profit corporation which does conduct business in the State of New Jersey.

15. At all times material, Defendant RENE CRUZ (herein also referred to as "CRUZ") was an employee of Defendant TRI-COUNTY LEXUS.

16. At all times material, Defendant CRUZ was and is a resident of the State of New Jersey.

17. At all times material, Defendant CRUZ was a "General Sales Manager" of Defendant TRI-COUNTY LEXUS.

18. At all times material, Defendant CRUZ was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

19. Defendant TRI-COUNTY LEXUS and Defendant CRUZ are also collectively referred to herein as "Defendants."

20. At all times material, Plaintiff Guzman was and is an employee of Defendant TRI-COUNTY LEXUS.

21. At all times material, Plaintiff Ayesh was an employee of Defendant TRI-COUNTY LEXUS.

## MATERIAL FACTS

### Plaintiff Guzman

22. In or around June 2013, Plaintiff Guzman began working for Defendant TRI-COUNTY LEXUS as a "Finance Manager."

23. Shortly after Plaintiff Guzman began his employment with Defendants, Defendant CRUZ began to sexually harass Plaintiff Guzman and harass him on the basis of his actual and/or perceived sexual orientation.

24. By way of example, Defendant CRUZ would call Plaintiff Guzman "gay" on almost a daily basis.

25. On or about July 15, 2013, during a meeting, Defendant CRUZ told Plaintiff Guzman, **"Stop being gay, and make sure you correct the deal and bring it back to me."**

26. On another occasion, Defendant CRUZ told Plaintiff Guzman, **"Stop being a pussy. Come to me if you have an issue with a salesperson. I will take them and rape them and beat them to make sure they don't do it again."**

27. On another occasion, Defendant CRUZ entered Plaintiff Guzman's office, walked around his desk, and grabbed him from behind and said, **"You're a Diesel Mofo."** Plaintiff asked Defendant CRUZ, **"What are you doing?"** Defendant CRUZ replied, **"Why are you so sensitive about gay stuff?"**

28. On July 30, 2013, Plaintiff Guzman was running late for work and sent a text message to Defendant CRUZ that read, **"Rene, I took a different route to see which works best but I got stuck on Route 3. Be there in a few minutes."** Defendant CRUZ replied, **"Gay."**

29. On or about August 3, 2013, at a company meeting in front of approximately 20 employees, Defendant CRUZ stated, **"Who is the gayest person in this fucking room? Raise your hand."** Defendant CRUZ also stated, **"You guys have to stop being gay and grab your balls and start selling some more cars."**

30. Despite Plaintiff Guzman's repeated complaints to Defendant CRUZ about the discriminatory conduct, Defendant CRUZ' unlawful behavior continued.

31. Furthermore, each time Plaintiff Guzman tried to voice his complaints of discrimination to Defendants' General Manager, Bryan Mendelson, Mr. Mendelson would cut him off.

32. On August 14, 2013, in order to antagonize and retaliate against Plaintiff Guzman for his complaints of discrimination, Defendant CRUZ sent Plaintiff a text message which read, **"I will text u till I kill ur phone!!!"** Defendant CRUZ then sent a barrage of 33 text messages within 7 minutes, one of which read, **"Xnxx,"** which is a reference to a popular pornographic website.

33. On August 23, 2013, Defendant CRUZ sent Plaintiff Guzman a text message which read, **"Yea Yea Gay."**

34. That same day, Defendant CRUZ sent Plaintiff Guzman another text message which read, **"The point is your gay!!!!"**

35. On another occasion, Defendant CRUZ told Plaintiff Guzman, **"If you're not gay in this dealership, you're not cool. I caught two guys in the back 69ing each other."**

36. On August 29, 2013, Defendant CRUZ sent Plaintiff Guzman three consecutive texts which read, **"GAY!!!!!!!" "GAY!!!!!" "GAY!!!!!!!!!"**

37. On September 6, 2013, Defendant CRUZ sent Plaintiff Guzman a text message which read, **"U R such a woman."**

38. On or about September 18, 2013, Defendants hired Plaintiff Ayesh as an additional "Finance Manager."

39. That same day, in front of Plaintiff Guzman, Defendant CRUZ told Plaintiff Ayesh, **"Ramee, this is who you will be working with. He's a little gay, so try not to say any gay comments around him because he's a little sensitive about that."** Defendant CRUZ then laughed and walked away.

40. On or about September 20, 2013, Defendant CRUZ entered Plaintiff Guzman's office, walked behind him, placed his hands on Plaintiff Guzman's neck, and told him, **"You're so big. You don't need to work out anymore, you're big enough."**

41. On or about September 23, 2013, Defendant CRUZ sent Plaintiff Guzman a text message which read, **"love u Bang u later."**

42. On Saturday, November 16, 2013, Plaintiff Guzman again complained about Defendant CRUZ' discriminatory behavior in an e-mail to Defendants' General Manager, Bryan Mendelson.

43. That same evening, Defendant CRUZ walked to Plaintiff Guzman's office and said, **"Well, here I am. Bryan sent me to do his dirty work for him."**

44. Defendant CRUZ then terminated Plaintiff Guzman.

## Plaintiff Ayesh

45. On or about September 18, 2013, Plaintiff Ayesh began working for Defendant TRI-COUNTY LEXUS as a "Finance Manager."

46. Shortly after Plaintiff Ayesh began his employment with Defendants, Defendant CRUZ began to harass him on the basis of his sex/gender, including sexual harassment, as well as harass him on the basis of his sexual orientation and/or perceived sexual orientation and national origin.

47. By way of example, Defendant CRUZ would call Plaintiff Ayesh **"gay"** on an almost daily basis.

48. On another occasion, on or about September 18, 2013, Defendant CRUZ told Plaintiff Ayesh, **"All you terrorists are the same."**

49. On or about September 30, 2013, Plaintiff Ayesh greeted and shook hands with a co-worker. When he attempted to shake Defendant CRUZ' hand, Defendant CRUZ said, **"Don't shake my hand. That's too much man juice, and it's gay especially from you."**

50. On or about October 2, 2013, Defendant CRUZ walked up to Plaintiff Ayesh, looked him in the face, and said, **"Ramee, your eyebrows are so thin they make you look like a homo. You look super gay."** Plaintiff Ayesh asked Defendant CRUZ not to speak to him in that manner. Defendant CRUZ simply laughed at Plaintiff Ayesh and walked away.

51. On another occasion during an employee sales meeting, Defendant CRUZ turned to another employee, Paul Marion, and said **"Faggot."**

52. Thereafter, Paul Marion retained an attorney to pursue claims of discrimination and harassment against Defendant CRUZ for the same and/or similar unlawful behavior.

53. After Paul Marion retained an attorney, and because both Plaintiffs witnessed Defendant CRUZ' discriminatory behavior toward Paul Marion and other employees, Defendants retaliated against Plaintiffs by criticizing their work performance and excluding them from sales meetings.

54. On or about October 4, 2013, Plaintiff Ayesh entered Defendant CRUZ' office to discuss a potential car sale. Also present was Plaintiff's co-worker, "Izzy," who is also of Arabic descent.

55. When Plaintiff Ayesh walked into Defendant CRUZ' office, Defendant CRUZ said to Plaintiff and "Izzy," **"You Arabs should learn how to have more respect or you will get beaten like in your homeland for talking over your elders. I will spit on your country and drown everyone in it."**

56. On November 2, 2013, Plaintiff Ayesh had a telephone conversation with Bryan Mendelson concerning a confrontation that day between Plaintiff Ayesh and several of Defendants' sales staff.

57. During said telephone conversation, Plaintiff Ayesh complained to Mr. Mendelson about Defendant CRUZ' discriminatory behavior, including the fact that Defendant CRUZ constantly called him gay and made other remarks about homosexuals.

58. Mr. Mendelson informed Plaintiff Ayesh that he would address his concerns on Monday, November 4, 2013.

59. On Monday, November 4, 2013, Defendants terminated Plaintiff Ayesh.

60. The above are just some of the examples of the harassment and discrimination that Plaintiffs had to endure.

61. Defendants would not have harassed Plaintiffs but for their sex/gender.

62. Defendants would not have harassed Plaintiffs but for their sexual orientation and/or perceived sexual orientation.

63. Defendants would not have harassed Plaintiff Ayesh but for his national origin and/or race.

64. Defendants would not have retaliated against Plaintiffs but for their complaints of discrimination.

65. Defendants would not have terminated Plaintiffs but for their complaints of discrimination.

66. As a result of Defendants' actions, Plaintiffs felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

67. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiffs, they suffered severe emotional distress and physical ailments.

68. As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

69. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiffs demand Punitive Damages against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. Section 1981

70. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. 42 U.S.C. Section 1981 states in relevant part as follows:

> (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

72. Plaintiff Ayesh, who is of Arabic and Middle Eastern descent, was discriminated against and retaliated against because of his race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## **DISCRIMINATION**

73. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiffs complain of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender, race and national origin.

75. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiffs because of their race, national origin, and sex/gender, together with sexual harassment, *quid pro quo* sexual harassment, and creating a hostile working environment.

## AS A THIRD CAUSE OF ACTION
## UNDER TITLE VII
## **RETALIATION**

76. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to ... discriminate against any of his employees ... because he has to opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted

or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

78. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiffs with respect to the terms, conditions, or privileges of employment because of their opposition to the unlawful employment practices of Defendants, including, but not limited to terminating Plaintiffs' employment.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## DISCRIMINATION

79. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of the...affectional or sexual orientation...sex, race, national origin, gender identity or expression...to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

81. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiffs because of their sex/gender, race, national origin, sexual orientation and/or perceived sexual orientation, together with sexual harassment and creating a hostile work environment.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## RETALIATION

82. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: d) For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act."

84. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating and otherwise discriminating against the Plaintiffs as set forth herein.

85. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(d) et. Seq.

86. As such, Plaintiffs have been damaged as set forth herein.

## AS A SIXTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## AIDING AND ABETTING

87. Plaintiffs repeats and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

88. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful

employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

89. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, inciting, compelling and coercing the discriminatory conduct as set forth herein.

90. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

91. As such, Plaintiffs have been damaged as set forth herein.

**WHEREFORE**, Plaintiffs respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited the New Jersey Law Against Discrimination, 42 U.S.C. Section 1981, Title VII, and that Defendants harassed and discriminated against Plaintiffs on the basis of their race, sex/gender, sexual orientation and/or perceived sexual orientation, and national origin, together with sexual harassment, creating a hostile work environment, retaliation and unlawful termination;

B. Awarding damages to the Plaintiffs for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices;

C. Awarding Plaintiffs compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputation;

D. Awarding Plaintiffs punitive damages;

E. Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiffs request a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
June 23, 2014

ARCÉ LAW GROUP, PC
Attorneys for Plaintiffs

By: _____

Erica L. Shnayder, Esq.
30 Broad Street, 35th Floor
New York, NY 10004
(212) 248-0120